UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------- X

IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

3:09-md-02100-DRH-PMF

MDL No. 2100

----------------------------------------------------------

*Charton v. Bayer Corporation. et al* No. 3:11-cv-10938-DRH-PMF

Judge David R. Herndon

ORDER

## ORDER GRANTING LEAVE TO WITHDRAW
and
DENYING CONTINUANCE OF DISCOVERY DEADLINE IN CMO 61

**HERNDON, Chief Judge:**

The movant has filed a motion seeking leave to withdraw as counsel of record for the above captioned plaintiff. The movant indicates that the plaintiff has become entirely nonresponsive to repeated contact efforts. Accordingly, the movant is seeking leave to withdraw as counsel of record. In addition, movant notes that under the Gallbladder Resolution Program Requirements (CMO 60 and CMO 61) the plaintiff is subject to certain deadlines. This includes a July 22, 2013 discovery deadline provided for in CMO 61. The movant asks the Court to continue the July 22, 2013 discovery deadline to safeguard against any prejudice to the plaintiff.

After considering the movant's motion, the Court finds that the requirements of Local Rule 83.1 and of the applicable provisions of the Rules of

Professional Conduct pertaining to withdrawal of counsel have been satisfied. **The motion for leave to withdraw as counsel of record is GRANTED**.

The **motion for continuance of the discovery deadlines in CMO 61 is DENIED.** The plaintiff's refusal to communicate with counsel is not grounds for extending discovery deadlines. Further, CMO 61 expressly provides as follows:

> Plaintiffs who fail to fully comply with the requirements of this Order shall be given notice of such failure by e-mail or fax from Defendants' Liaison Counsel or his designee and shall be provided thirty (30) additional days to cure such deficiency ("Cure Period"). No other extensions will be granted. If Plaintiff fails to cure the deficiency within the Cure Period, Defendant's Liaison Counsel or his designee shall file a Motion to Show Cause why the Gallbladder Claim should not be dismissed with prejudice. Plaintiff shall thereupon have thirty (30) days to respond to the Notice to Show Cause. Any failure to respond to the Motion within the required period of time shall lead to the dismissal of the Gallbladder Claim with prejudice, except for good cause shown

MDL 2100 Doc. 2740 (CMO 61) ¶ II.E. To the extent that the plaintiff fails to meet applicable deadlines, those failures will be addressed in accord with the applicable provisions provided for in CMOs 60 and CMO 61.

**Further,** the Court **ORDERS** as follows:

1. The Court directs movant to serve a copy of this order of withdrawal within 7 days upon all counsel of record and upon unrepresented parties as required by Local Rule 83.1.

2. **Supplementary Entry of Appearance:** Should plaintiff choose to continue pursuing this action, plaintiff or her new counsel **must file a supplementary entry of appearance within <u>21 days</u> of the entry of this Order**.

3. **If plaintiff or her new counsel fails to file a supplementary entry of appearance within <u>21 days</u> of the entry of this Order, plaintiff's action**

will be subject to dismissal without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with the orders of this Court including failure to comply with the Plaintiff Fact Sheet requirements.

4. **If plaintiff fails to meet deadlines in CMOs 60 or 61, her claims will be subject to dismissal as provided for in CMOs 60 and 61.**

   SO ORDERED:

   Digitally signed by
   David R. Herndon
   Date: 2013.07.16
   17:57:39 -05'00'

**Chief Judge**                                                      Date:  July 16, 2013
**United States District Court**